**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-85(1) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JAMIE L. ROBINSON, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER GRANTING DEFENDANT'S**
**MOTION TO TERMINATE SUPERVISED RELEASE (Doc. 103)**

---

This matter is before the Court on Defendant Jamie Robinson's Motion to Terminate Supervised Release (Doc. 103). Both the United States and the Probation Officer have communicated that they do not oppose this motion. Thus, this matter is ripe for the Court's review.

On May 23, 2023, Defendant pled guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine. (5/23/2023 Minute Entry; Plea Agreement, Doc. 87, Pg. ID 280.) The Court sentenced Defendant to time served and a three-year term of supervised release on September 25, 2023. (Judgment, Doc. 99, Pg. ID 460.) Now, Defendant requests that the Court terminate her term of supervised release early.

The early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which reads:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term

of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Federal Rule of Criminal Procedure 32.1(c) requires a hearing before modifying the conditions of supervised release unless—as is the case here—the relief sought is favorable to the defendant and is unopposed by the government. Within this framework, district courts have "broad discretion to resolve motions for early termination of supervised release." *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025).

To date, Defendant has almost served two years of her three-year term of supervised release. She is therefore eligible for early termination of supervised release. The Court examines her conduct, the interests of justice, and the relevant 18 U.S.C. § 3553(a) factors: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need to afford adequate deterrence, protect the public, and provide the defendant with education or vocational training, medical care, or other correctional treatment; the kinds of sentence and sentencing range established by the United States Sentencing Commission; any pertinent policy statement issued by the United States Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense."

After considering the statutory requirements, the Court finds it appropriate to grant Defendant's unopposed request to terminate the remaining term of her supervised release at this juncture. Not only has Defendant served almost two years of supervised

release, but she has also put that time to good use through consistent employment and continuous compliance with all conditions. Additionally, Defendant has not had any known issues with law enforcement while on supervised release.

The nature and circumstances of Defendant's offense show that she was involved with a drug-related crime. (*See* Plea Agreement, Doc. 87, Pg. ID 284.) Such conduct necessitates punishment. However, in light of the current context, the Court finds that the served term of supervised release accomplished the goals of sentencing, such as providing adequate deterrence, protecting the public, and affording opportunity for vocational training. *See* 18 U.S.C. § 3553(a). For all these reasons, the Court concludes that terminating Defendant's remaining term of supervised release is warranted by her conduct, the interests of justice, and the pertinent § 3553(a) factors.

Accordingly, the Court **GRANTS** Defendant's Motion to Terminate Supervised Release (Doc. 103). Defendant Jamie Robinson's term of supervised release is hereby **TERMINATED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

3